### WILLIAM F. ROBINSON vs. JAMES F. McCARTHY.

Penobscot County.   Decided November 14, 1923.   On the twenty-eighth day of July, 1922, defendant, James F. McCarthy, who was an employee of the United States Post Office Department, as the driver of a mail truck, in Bangor, Maine, at about five o'clock in the afternoon, left the Post Office in Bangor and drove to the mail box located on the curb near the entrance to the Bijou Theatre, on the right-hand side of Exchange Street, in Bangor, Maine, going towards the Railroad Station, for the purpose of collecting the mail that had been deposited in the box.   He was driving a truck known as a "ton truck" about twenty-two feet long, with the body enclosed with a wire cage, and a hood over the driver's seat.   In front of him was a glass wind-shield upon which there were sides.   He stopped his car on the right-hand side of the street in front of the box, proceeded to collect his mail, and then started to turn back and go up Exchange Street towards York Street.   In doing this, he swung his car around across the street at right angles with the curb, with the rear wheels of the truck on or near the right-hand rail of the car tracks laid upon that street.   It was impossible for him to turn by making a circle, and he was obliged to back his car, before he could complete his turn, and proceed up Exchange Street.

While he was stopped in the middle of the street, with his car across it, the plaintiff approached upon the right-hand side of the street, driving between the car track and the curb, somewhat nearer the car track than the curb.   At a distance of fifty feet or more away from the truck, plaintiff saw the truck standing in the street and drove at a moderate rate of speed down said street, and behind the truck, between the truck and the curb.   Just as he was opposite the rear end of the truck, the defendant backed up, in the operation of turning around, and collided with the automobile of the plaintiff, a corner of the tail-board of the truck striking the automobile of the plaintiff in the panel between the doors, puncturing the panel, making a hole somewhat ragged, and extending over a surface of about six inches in diameter.

The jury rendered a verdict for the plaintiff in the sum of $194 and the case comes up on a general motion for a new trial.   The case involved pure questions of fact.   A careful examination of the

evidence does not disclose that the jury erred to the extent of authorizing the Law Court to interfere with the verdict upon the question of liability.

The plaintiff, however, claims that even if the defendant was liable the damages assessed by the jury were excessive   The assessment of damages is peculiarly a question for the judgment of a jury. The verdict was for $194.   While large, yet it was a matter of judgment for the jury, and is not so excessive as to warrant the intervention of the court.   Motion overruled.   *Fellows & Fellows*, for plaintiff.   *Frederick R. Dyer*, for defendant.

JAMES H. GRAY, Adm'r *vs.* AMANDA M. BASLEY AND TRUSTEE.

SAME *vs.* ETHEL BASLEY AND TRUSTEE.

Washington County.   Decided November 15, 1923.   This is an action of trover brought by James H. Gray, Administrator of the estate of John S. Calkins, deceased, against each of the defendants for the alleged conversion of the stock in trade of said John S. Calkins, described in a bill of sale marked Defendant's Exhibit 1, the admitted value of which is $6,823.43, and is before this court upon a motion for a new trial upon the usual grounds.

The case depends upon the validity of this bill of sale which in turn hinges upon the mental capacity of said John S. Calkins at the specific time when said Calkins signed this bill of sale, i. e., about one o'clock in the afternoon of July 8, 1920.

The evidence upon the mental capacity of John S. Calkins to execute the bill of sale in question was very conflicting, and may be said to have left the decision of the case upon the preponderance of the evidence; in other words, the case was so close that the court is of the opinion that a verdict either way rendered by a jury would be based upon such evidence as would fail to justify the court in interfering.   Accordingly whatever decision the court might have rendered had they the powers of a jury, they are of the opinion that, inasmuch as the jury has found a verdict upon the evidence which presented a